required to perform, in contradiction to the positive assertions of the statute. It is not the province of the court to meet any equity, however urgent, by enacting a new law to satisfy it. The wisdom of congress deemed it expedient in this case to deny all fees and compensation to the United States attorney for instituting and managing a litigation, in support of the interests of the government, and to give him a reward only for discontinuing the cause. It is my duty to carry that will of the legislature into effect without consideration of the operation of the rule upon the rights of the officer or the interests of the public.

If the views of the attorney-general were to be adopted, there would be embarrassment, if not an utter impracticability, in attempting to bring this case within the principle announced by him, for I can find no service specified and compensated by the act, which bears an analogy to those charged for in this bill of costs, other than in this: that the services named in the statute have relation to conducting a suit in court, and those charged in this bill have that character, and in our system of practice are necessary to that end. With all respect for the judgment of the eminent public officer, I am compelled to say that it does not appear to me within the competency of the courts or accounting officers to introduce into this particular statute a method of compensation not designated and directly sanctioned by it. The taxation of the clerk is accordingly affirmed. This includes the charge of $5 for taking two depositions. The charge is in the words of the act, and the court must assume that the services have been rendered. The attorney is accordingly entitled to receive $5 for discontinuance of the cause, and $5 for two depositions taken and admitted as evidence in the cause, and the residue of charges for services appropriate to the case, and allowable under the laws as they existed prior to this statute, amounting to $35, must be disallowed.

---

## Case No. 15,951.

UNITED STATES v. ONE PIECE OF SILK.

[See Case No 15,925.]

---

## Case No. 15,952.

UNITED STATES v. ONE RECTIFYING ESTABLISHMENT.

[11 Int. Rev. Rec. 45.]

District Court, N. D. Mississippi. Dec. Term, 1869.

INTERNAL REVENUE—ACT OF 1868, § 96—PENALTY—KNOWLEDGE AND INTENT.

1. The penalties prescribed in section 96 of the internal revenue act of 1868 [15 Stat. 164], *held* to apply to those who knowingly and wilfully do or omit to do the thing forbidden or required only when there is no specific penalty imposed by any other section of the act.

[Cited in U. S. v. 4,800 Gallons of Spirits, Case No. 15,153; U. S. v. 95 Barrels of Distilled Spirits, Id. 15,889; U. S. v. 95 Barrels of Distilled Spirits, Id. 15,890; U. S. v. 1,412 Gallons of Distilled Spirits, Id. 15,960; U. S. v. 200 Barrels of Whisky, 95 U. S. 575.]

2. And to incur the penalties under section 96 the violator of the law must have a knowledge that he is doing or omitting to do the act forbidden or required, and intends so to do.

The questions presented for the decision of the court arise upon the demurrer of claimants [Bowling & Reed] to the information filed by the district attorney upon the part of the United States. The first count in the information alleges, in substance, that the property seized and sought to be forfeited was found in a building which was then, and had for a long time before that time been used as a rectifying establishment of liquors, compounders of liquors, and wholesale liquor dealers, and that all the property seized was then being used for that purpose; that the said liquors had been removed from a distillery warehouse without being gauged, stamped, and branded, as required by the 25th section of the act of 1868, imposing taxes on distilled spirits, and for other purposes, approved the 20th of July of that year. This count also contains an allegation that said claimants as such rectifiers of distilled spirits on said premises, filled for shipment and sale rectified spirituous liquors in casks and packages without having the same inspected, gauged and stamped, as required by law; also as wholesale liquor dealers, they filled in casks and packages, on said premises, spirituous liquors for the shipment, sale and delivery, without having the same gauged, inspected, and stamped, as required by the 25th section of said act; all of which omissions were knowingly and wilfully omitted and neglected. The grounds of demurrer to this count are: 1. That section 25 imposes no penalty on the owner of the spirits. 2. That the number of gallons is not stated. 3. That the number of gallons placed in each cask is not stated. 4. That the number of gallons placed in each cask filled for shipment, sale, or delivery, is not stated.

Edwin Hill, U. S. Dist. Atty.

H. W. Walters and W. S. Featherston, for claimants.

HILL, District Judge. After a most careful examination of the question raised upon the first ground of demurrer, I am satisfied that the law does impose a duty upon the rectifier or wholesale liquor dealer in the 25th section, the knowingly and wilfully omitting and neglecting of which, under section 96, does forfeit all the spirituous liquors owned by such party. The second clause in section 25 provides that whenever any cask or package of rectified spirits shall be filled for shipment, sale, or delivery, on the premises of any